UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Dane Technologies, Inc.,

        Plaintiff,

        v.

Gatekeeper Systems, Inc.,

        Defendant.

**MEMORANDUM OPINION AND ORDER**
Civil No. 12-2730 ADM/AJB

___

Devan V. Padmanabhan, Esq., Paul J. Robbennolt, Esq., Michelle E. Dawson, Esq., Winthrop & Weinstine, P.A., Minneapolis, MN, on behalf of Plaintiff.

Nicholas M. Zovko, Esq., and Michael K. Friedland, Esq., Knobbe, Martens, Olson & Bear, LLP, Irvine, CA; David R. Fairbairn, Esq., and Catherine A. Shultz, Esq., Kinney & Lange, P.A., Minneapolis, MN, on behalf of Defendant.

___

## I. INTRODUCTION

On June 28, 2013, the undersigned United States District Judge heard oral argument on Defendant Gatekeeper Systems, Inc.'s ("Gatekeeper") Motion to Stay [Docket No. 15] pending inter partes review of United States Patent Nos. 7,389,836 and 7,493,979. Dane opposes the motion. For the reasons stated herein, the motion to stay is denied.

## II. BACKGROUND

Plaintiff Dane Technologies, Inc. ("Dane") is a Minnesota corporation, with its principal place of business in Brooklyn Park, Minnesota. Compl. [Docket No. 1] ¶ 1. Dane is the owner by assignment of all rights, title, and interest to and in the three patents at issue in this case. On April 24, 2001, the United States Patent and Trademark Office ("PTO") issued United States Patent No. 6,220,379 (the "'379 Patent"), entitled "Cart Retriever Vehicle." Id. ¶ 7. On June 24, 2008, the PTO issued United States Patent No. 7,389,836 (the "'836 Patent"), entitled "Power-

assisted cart retriever with attenuated power output." Id. ¶ 8. On February 24, 2009, the PTO issued United States Patent No. 7,493,979 (the "'979 Patent"), also entitled "Power-assisted cart retriever with attenuated power output."[1] Id. ¶ 9 (typo corrected). In basic terms, these Patents cover "shopping cart retrievers with motor controllers that have features designed to protect the motor." Id. ¶ 11.

On October 25, 2012, Dane filed this action against Gatekeeper, asserting infringement of its named patents. On May 23 and June 7, 2013, Gatekeeper filed requests with the PTO for inter partes review of the '836 Patent and the '979 Patent, respectively. The Patent Office has not decided if it will grant Gatekeeper's inter partes review petitions, but Gatekeeper nonetheless argues that the Court should grant its motion to stay litigation until the Patent Office has acted.

### III. DISCUSSION

**A. Standard for Stay Pending Review**

District courts have the "inherent power to manage their dockets and stay proceedings," including the authority to order a stay of litigation pending the reexamination of a patent by the PTO. Ethicon, Inc. v. Quigg, 849 F.2d 1422, 1426-27 (Fed. Cir. 1988) (citations omitted); see also Proctor & Gamble Co. v. Kraft Foods Global, Inc., 549 F.3d 842, 848-49 (Fed. Cir. 2008). Whether to stay litigation pending the conclusion of a reexamination is within the district court's discretion, even where the PTO has already granted the request for reexamination. See, e.g., Pay Child Support Online Inc. v. ACS State & Local Solutions, Inc., No. 02-1321, 2004 WL 741465, at *4-5 (D. Minn. Apr. 5, 2004).

---

[1] Dane cites in its Complaint, and attaches as Exhibit C to the Complaint, Patent No. 7,493,379. Compl. ¶ 9. This appears to be a typographical error. In its arguments, Dane corrects the error, citing the '979 Patent. Pl.'s Mem. Opp'n [Docket No. 21] at 2.

When evaluating a request to stay litigation pending a patent reexamination by the PTO, district courts generally consider three factors: "(1) whether a stay would unduly prejudice or present a clear tactical disadvantage to the non-moving party; (2) whether a stay will simplify the issues in the litigation and facilitate the trial of that case; and (3) whether discovery is complete and a trial date is set." Honeywell Int'l, Inc. v. Furuno Elec. Co. Ltd., No. 09-3601, 2010 WL 3023529, at *2 (D. Minn. July 30, 2010) (citing 3M Innovative Props. Co. v. Dupont Dow Elastomers LLC, No. 03-3364, 2005 WL 2216317, at *1 (D. Minn. Sept. 8, 2005)).[2]

**B. Application of Factors**

   **1. Undue prejudice or clear tactical disadvantage**

In evaluating this first factor, courts have taken a practical approach to determining whether the non-movant will suffer undue prejudice from a stay. A court may deny a request for a stay where the movant has unjustifiably delayed seeking reexamination, or where the stay will do nothing but delay the proceedings. Ecolab, Inc. v. FMC Corp., No. 05-831, 2007 WL 1582677, at *1 (D. Minn. May 30, 2007) (citations omitted).

In this case, the first factor favors Dane. Gatekeeper asks the Court to stay this litigation based only upon its decision to petition the PTO to initiate an inter partes review. Gatekeeper argues that the PTO has granted inter partes review petitions in approximately 89% of cases since the AIA became effective in 2011. Mem. Supp. [Docket No. 17] 5 (citing Zovko Decl.

---

[2] The America Invents Act ("AIA") recently revised the inter partes reexamination proceeding, renaming it "inter partes review" and updating procedures in an attempt to make the PTO more effective and efficient at hearing patent challenges. 35 U.S.C. §§ 311-319, Pub. L. No. 112-29, § 6(c), 125 Stat. 304-05 (Sept. 16, 2011). A person who is not the patent owner may petition the PTO to initiate an inter partes review of a patent. 35 U.S.C. § 311(a).

[Docket No. 18] Ex. M).[3]  Thus, Gatekeeper argues, their motion to stay should be granted on the assumption that the PTO will review the case.  This argument is too speculative.  After a petition requesting inter partes review is filed, the PTO has six months to decide whether to review a disputed patent.  See 35 U.S.C. § 314(b).  Before the PTO makes this decision the Court can only speculate as to whether the PTO will review a patent and to what extent.  See Automatic Mfg. Sys. v. Primera Tech., Inc., No. 6:12-cv-1727-Orl-37DAB, 2013 WL 1969247, at *3 (M.D. Fla. May 13, 2013).[4]  Considering the administrative framework, the Court would be waiting six months, ending in approximately December 2013, for the PTO to decide if it will initiate an inter partes review.  At that point, if the PTO declines to hear the case, Dane's litigation will have been delayed for no perceivable benefit.  Furthermore, Gatekeeper waited approximately seven months into the litigation, until May and June of 2013, before seeking inter partes review of two out of three of the disputed patents.  See generally Polaris Industries, Inc. v. BRP US Inc., No. Civ. 12-01405, 2012 WL 5331227, at *2 (D. Minn. Oct. 29, 2012) (first factor weighed in favor of defendant because it filed for inter partes review one week prior to plaintiff filing its complaint and because inter partes review was already in progress).[5]  Thus, because the PTO's

---

[3] In addition, Gatekeeper argues that "a number of courts have adopted a policy in favor of liberally granting motions to stay proceedings pending the outcome" of the PTO's review.  Mem. Supp. 7.  In none of Gatekeeper's cited cases did the courts grant a motion to stay before the PTO had decided it would conduct an independent reexamination.

[4] Cf Honeywell, 2010 WL 3023529, at *3.  In Honeywell the court determined that the defendant's motion to stay was not premature even though the PTO had not yet decided whether to grant inter partes review on four patents at issue.  Id.  The court reasoned that since a fifth patent was already under review and because the PTO would be making decisions on the others within two months, a stay was appropriate.  Id.  In this case, the PTO has not begun reviewing any of the patents and the initial decision is not required until December 2013.

[5] Gatekeeper also argues that Dane cannot complain that it would be unduly prejudiced by a stay because Dane delayed bringing its lawsuit for many years.  Dane's alleged delay is not relevant to Gatekeeper's delay in seeking inter partes review.

review of Gatekeeper's petitions is speculative, and because the scope of the PTO's possible review is also speculative, the first factor weighs in favor of Dane.

### 2. Simplification of issues

The second factor for determining the appropriateness of a stay also favors Dane. Gatekeeper contends that if the PTO grants its requests for inter partes review, the PTO's decisions could have a preclusive effect on Dane's claims. Mem. Supp. 8-9 (citing Polaris Indus., 2012 WL 5331227, at *3). First, as discussed above, whether the PTO will initiate inter partes review is speculative. Second, unlike in Polaris where the patents in the plaintiff's complaint were the same patents challenged in inter partes review, Gatekeeper has only petitioned for review of two of the three patents in this case. Even if the PTO decided to review the '836 Patent and the '979 Patent, Dane would still be left with its infringement claim for the '379 Patent languishing and unresolved.

### 3. Stage of litigation

The final factor favors neither party. Courts hesitate to stay litigation where the case has proceeded through discovery or even reached the "trial ready" phase. See, e.g., Ecolab, 2007 WL 1582677, at *2-3. In this case, litigation between the parties is well underway. A Pretrial Scheduling Order [Docket No. 14] and an Amended Pretrial Scheduling Order [Docket No. 30] have issued, setting a trial date of October 1, 2014. However, even though discovery has begun, it is not far advanced. See Pragmatus Telecom, LLC v. NETGEAR, Inc., No. 12-6198, 2013 WL 2051636, at *2 (N.D. Cal. May 14, 2013). Therefore, the final factor is neutral.

The balance of factors favors Dane. Waiting for the PTO to make its initial decision is a delay, the benefit of which is uncertain. And with only two of the three patents on petition for review, a stay would leave Dane's claim on Patent '379 unresolved. As in Automatic Mfg.,

5

Dane should be able "to prosecute its claims, to take discovery, and to set its litigation positions, at least until such a time as the PTO takes an interest in reviewing the challenged claims." 2013 WL 1969247, at *3.

## IV.  CONCLUSION

Based upon the foregoing, and all the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that Defendant's Motion to Stay Pending Inter Partes Review of U.S. Patent Nos. 7,389,836 and 7,493,979 [Docket No.15] is **DENIED**.

BY THE COURT:


      s/Ann D. Montgomery      
ANN D. MONTGOMERY
U.S. DISTRICT JUDGE

Dated:  August 20, 2013.