UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Dane Technologies, Inc.,

        Plaintiff,

        v.

Gatekeeper Systems, Inc.,

        Defendant.

**MEMORANDUM OPINION AND ORDER**
Civil No. 12-2730 ADM/JJK

___

Paul J. Robbennolt, Esq., Winthrop & Weinstine, P.A., Minneapolis, MN, on behalf of Plaintiff.

Benjamin A. Katzenellenbogen, Esq., Knobbe, Martens, Olson & Bear, LLP, Irvine, CA; David R. Fairbairn, Esq., Kinney & Lange, P.A., Minneapolis, MN, on behalf of Defendant.

___

## I. INTRODUCTION

This matter is before the undersigned United States District Judge for a ruling on Plaintiff Dane Technologies, Inc.'s ("Dane") Objection [Docket No. 279] to Magistrate Judge Jeffrey J. Keyes' January 20, 2015 Order [Docket No. 274]. Judge Keyes' Order granted in part and denied in part Dane's Motion to Strike Defendant's Supplemental Prior Art Statements and Expert Opinions [Docket No. 246] and granted in part and denied in part Gatekeeper Systems, Inc.'s ("Gatekeeper") Motion to Strike Previously Undisclosed Portions of Dane's Expert Report on Infringement and Quash Dane's Subpoena of a Non-testifying Expert [Docket No. 252]. For the reasons stated below, Dane's Objections are overruled and the Order is affirmed.

## II. BACKGROUND

Dane owns by assignment the three patents at issue in this case. In basic terms, the Patents cover "shopping cart retrievers with motor controllers that have features designed to protect the motor." Compl. [Docket No. 1] ¶ 11.

The Amended Scheduling Order [Docket No. 30] required Gatekeeper to provide "a list of all of the prior art on which it relies, and a complete and detailed explanation of what it alleges the prior art shows and how that prior art invalidates the claim(s) asserted by [Dane]." Am. Scheduling Order 5.  The Amended Scheduling Order further states "If [Gatekeeper] alleges that a combination of prior art terms render a claim obvious, [Gatekeeper] shall identify each combination of prior art and the motivation to combine the items." Id.  Gatekeeper complied with the Amended Scheduling Order's deadline and served its Prior Art Statements on August 9, 2013.  See Robbennholt Decl. [Docket No. 250] Attach. 1.

Gatekeeper's Prior Art Statement for U.S. Patent No. 6,220,379 ("Prior Art Statement") spans 81 pages and provides detailed references to support its basis for asserting invalidity.  See id. Attach. 2.  The Prior Art Statement also includes 18 examples of prior art combinations that Gatekeeper alleges invalidates portions of the '379 Patent.

On November 18, 2014, Gatekeeper served its Expert Report on validity ("Expert Report").  See Robbennolt Decl. Attach. 10 (excerpted copy of Gatekeeper's Initial Expert Report).  According to Dane, Gatekeeper's Expert Report does not include any of the 18 combinations previously disclosed in its Prior Art Statement; instead, the Expert Report cites 14 new combinations of prior art.

Dane moved the Magistrate Judge to strike the 14 previously undisclosed prior art combinations [Docket No. 246].  Dane argued that the 14 combinations relied on by Gatekeeper's expert were not disclosed in the Prior Art Statement.  Thus, Dane argues, the undisclosed combinations of prior art are in contravention of the Amended Scheduling Order's deadline and are prejudicial to Dane by forcing them to contemplate a significant number of

prior art combinations that were not identified in Gatekeeper's Prior Art Statement. Judge Keyes disagreed, and denied this portion of Dane's motion. Dane now objects.

### III.  DISCUSSION

#### A.  Standard of Review

The standard of review applicable to an appeal of a magistrate judge's order on a nondispositive issue is extremely deferential. See Reko v. Creative Promotions, Inc., 70 F. Supp. 2d 1005, 1007 (D. Minn. 1999). The district court must affirm a decision by a magistrate judge on a nondispositive issue unless the decision is "clearly erroneous or contrary to law." Fed. R. Civ. P. 72(a). A decision is "'clearly erroneous' when, although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." Chakales v. Comm'r of Internal Revenue, 79 F.3d 726, 728 (8th Cir. 1996). "A decision is 'contrary to the law' when it 'fails to apply or misapplies relevant statutes, case law or rules of procedure.'" Knutson v. Blue Cross & Blue Shield of Minn., 254 F.R.D. 553, 556 (D. Minn. 2008) (quoting Transamerica Life Ins. Co. v. Lincoln Nat'l Life Ins. Co., 592 F. Supp. 2d 1087, 1093 (N.D. Iowa 2008)).

#### B.  Motion to Strike New Prior Art Combinations

As the party moving to strike the expert report, Dane bears the burden of showing a discovery violation has occurred. Apple, Inc. v. Samsung Elec. Co., Ltd., No. 12-630, 2014 WL 1322854, at *1 (N.D. Cal. Mar. 28, 2014). Dane's argument that Gatekeeper's Expert Report on validity is contrary to the Amended Scheduling Order because it cited combinations of prior art that were not specifically identified in Gatekeeper's Prior Art Statement is unavailing. No evidence supports Dane's contention that Judge Keyes' decision was clearly erroneous or

contrary to law.

The 18 examples at the top of Gatekeeper's Prior Art Statement were not intended to be an exhaustive list of prior art combinations that Gatekeeper believes invalidate the ''379 Patent. The Amended Scheduling Order required Gatekeeper to "identify each combination of prior art and the motivation to combine the terms." Am. Scheduling Order 5. The Prior Art Statement includes 18 "Examples of Combinations of Prior Art References." Prior Art Statement 4. Immediately following that heading is the phrase: "As detailed in the invalidity claim chart below, the following are examples of combinations of references that render the asserted claims obvious to a person of ordinary skill in the art at the time of the alleged invention. . . ." Id. Below the list of 18 examples, the Prior Art Statement specifies: "As further detailed in the chart below, additional references are combined to render various dependent claims obvious to a person of ordinary skill in the art at the time of the alleged invention." Id. Below that are more than 70 pages of charts and citations to prior art that Gatekeeper alleges invalidates the '379 Patent. These pages contain the prior art references that were used to comprise the 14 combinations set forth in Gatekeeper's Expert Report. Thus, as concluded by Judge Keyes, Gatekeeper properly disclosed the combinations of prior art cited in its Expert Report on validity that allegedly render claims of the '379 Patent invalid. Dane has failed to carry its burden. Judge Keyes properly denied this part of Dane's Motion to Strike Defendant's Supplemental Prior Art Statements and Expert Opinions.

## IV.  ORDER

Based upon the foregoing, and all of the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that:

1. Dane's Objection [Docket No. 279] is **OVERRULED**; and

2. Judge Keyes' January 20, 2015 Order [Docket No. 274] is **AFFIRMED.**

BY THE COURT:


   s/Ann D. Montgomery   
ANN D. MONTGOMERY
U.S. DISTRICT JUDGE

Dated:  March 2, 2015.